Lloyd ELKINS, Jr. *v.* STATE of Arkansas

CA CR 82-122                    646 S.W.2d 15

Court of Appeals of Arkansas
Opinion delivered February 2, 1983
[Rehearing denied March 2, 1983.]

*Felver A. Rowell, Jr.,* for appellant.

*Steve Clark,* Atty. Gen., by: *Velda P. West,* Asst. Atty. Gen., for appellee.

DONALD L. CORBIN, Judge. The appellant, Lloyd Elkins, Jr., is a sixteen-year-old minor who was charged in the juvenile court of Conway County, Arkansas, with theft of property pursuant to Ark. Stat. Ann. § 41-2203 (Repl. 1977). The juvenile court adjudged him guilty of the theft of a NAPA battery and thus delinquent. He was ordered com-

mitted to the Arkansas Department of Youth Services for an undetermined period of time. The matter was appealed to the circuit court of Conway County, Arkansas. The circuit court denied his motion for a jury and heard the appeal *de novo*. The circuit court affirmed the decision of the Juvenile Court of Conway County, Arkansas. We affirm.

Appellant first contends that there was insufficient evidence to find him guilty of theft of property and a delinquent.

Theft of property is defined by Ark. Stat. Ann. § 41-2203 (Repl. 1977) as follows:

> A person commits theft of property if he: (a) knowingly takes or exercises unauthorized control over, or makes an unauthorized transfer of an interest in, the property of another person, with the purpose of depriving the owner thereof.

In the instant case, there is ample evidence to sustain the finding of guilt. Leon Kellar positively identified the battery which was in evidence as a battery which was stolen from the county in May, 1981. Deputy Sheriff Coby Shipp positively identified the battery in evidence as the one he picked up from Ronald Sumner's residence. Albert Moses, criminal investigator, positively identified the battery in evidence as the one he received from the deputy sheriff and marked into evidence. Sumner claimed that he was unable to positively identify the battery as the one he bought from the appellant, although he testified that he bought a battery from him which appellant and his father had unloaded. Sumner admitted that in an earlier hearing he testified that he made contact with appellant's sister and mother to buy the battery, but that that testimony was wrong. Robert Bridgman testified that he got a battery from appellant to sell for a split of profits, but he could not positively identify the battery in evidence as the battery he had received. He was unable to sell it and returned it to the appellant. Wesley Howell testified that he obtained the battery from Lloyd Elkins, Jr., to give to Robert Bridgman to sell. Howell could not positively identify the battery in evidence as the same battery he

received and attempted to sell. In a statement Howell made shortly after the battery's recovery, he made a positive identification of it.

The Arkansas Supreme Court quoted from an earlier decision in *Harshaw* v. *State*, 275 Ark. 481, 631 S.W.2d 300 (1982), as follows:

> When circumstantial evidence rises above suspision and is properly connected, and when, viewing that evidence in the light most favorable to the state, the jury is not left to speculation and conjecture alone in arriving at its conclusions, it is basically a question for the jury to determine whether the evidence excludes every other reasonable hypothesis. *Ledford* v. *State*, 234 Ark. 226, 351 S.W.2d 425; *O'Neal* v. *State*, 179 Ark. 1153, 15 S.W.2d 976; *Caradine* v. *State*, 189 Ark. 771, 75 S.W.2d 671. See also *Walker* v. *State*, 174 Ark. 1180, 298 S.W. 20; 30 Am. Jur. 2d 295, Evidence § 1125. It is only every other reasonable hypothesis, not every hypothesis, that must be excluded by the evidence. *Bartlett* v. *State*, 140 Ark. 553, 216 S.W. 33; *Bost* v. *State*, 140 Ark. 254, 215 S.W. 615. See also, *Walker* v. *State*, *supra*. The jury certainly should test the reasonableness of any other hypothesis.

The Supreme Court espoused a well-known rule in *Chaviers* v. *State*, 267 Ark. 6, 588 S.W.2d 434 (1979), when it said:

> In pointing out the pertinent testimony on the question of sufficiency of the evidence, we will view the evidence in the light most favorable to the state, considering only that testimony that lends support to the state, considering only that testimony that lends support to the jury verdict and disregarding any conflicting testimony which could have been rejected by the jury on the basis of credibility.

Finally, appellant argues that the specific charge of theft of property rather than mere delinquency was in this

specific case a punishment for a crime which invaded the appellant's right to trial by jury.

The definition of "juvenile delinquent" under Ark. Stat. Ann. § 45-403 (2) (Supp. 1981) is as follows:

Any juvenile who (a) has committed an act other than a traffic offense which, if such act had been committed by an adult, would subject such adult to prosecution for a felony, misdemeanor or violation under the applicable criminal law of this State.

The appellant was charged in juvenile court with a violation of Ark. Stat. Ann. § 41-2203 (Repl. 1977). This offense involves theft of property which would subject appellant to criminal liability if he were an adult.

In *Martin* v. *State*, 213 Ark. 507, 211 S.W.2d 116 (1948), the Court dealt with the charge of delinquency as follows:

A criminal charge is treated as evidence of delinquency when established. Felonious conduct and misdemeanors are not dealt with as such, but are considered only in determining what is best for the minor when all of the circumstances of birth, environment, opportunity, habit and demonstrated tendencies are measured.

Ark. Stat. Ann. § 45-407 (Repl. 1977) provides:

All hearings under this Act shall be conducted without a jury.

Ark. Stat. Ann. § 45-440 (Repl. 1977) provides in part:

Appeals from any decision of the county judge may be taken as a matter of right to the circuit court . . . .
. . . A trial de novo without jury shall then be conducted by the judge of the circuit court.

A reading of the above two sections makes it clear that when, as here, appellant is charged as a delinquent, he has

no right to a jury trial. This is to his benefit in light of the stated purpose of the Juvenile Code at Ark. Stat. Ann. § 45-402 (Repl. 1977). This avoids the placement of a minor in our penitentiary system with adult criminals, and hopefully, wards off any future criminal activity by minor delinquents.

Affirmed.