Daniel VALDEZ v. STATE of Arkansas

CA CR 90-111                                        801 S.W.2d 659

Court of Appeals of Arkansas
Division I
Opinion delivered January 16, 1991

*Jonathan P. Shermer, Jr.*, for appellant.

*Steve Clark*, Att'y Gen., by: *Clint Miller*, Asst. Att'y Gen., for appellee.

JUDITH ROGERS, Judge. The appellant, Daniel Valdez, was adjudged a delinquent juvenile by the Franklin County Juvenile Court on a finding that he was guilty of theft of property. As a juvenile offender, appellant was committed to the Division of Children and Family Services/Youth Services Center. On appeal, appellant contends that, due to the enactment of the Juvenile Code of 1989, he was entitled to a jury trial below. We find no merit in this contention and affirm.

The Juvenile Code of 1989 is codified at Ark. Code Ann. § 9-27-301 *et seq.* (Supp. 1989). A "delinquent juvenile" is described as any juvenile ten years or older who has committed an act other than a traffic offense or game and fish violation which, if such act had been committed by an adult, would subject such adult to prosecution for a felony, misdemeanor, or violation under the applicable criminal laws of this state. Ark. Code Ann. § 9-27-303(11) (Supp. 1989). The purposes of the code with particular regard to delinquent juveniles are found in Ark. Code Ann. § 9-27-302(3) & (4) (Supp. 1989), which provides as follows:

> (3) To protect society more effectively by substituting for retributive punishment, whenever possible, methods of offender rehabilitation and rehabilitative restitution, recognizing that the application of sanctions which are consistent with the seriousness of the offense is appropriate in all cases;

> (4) To provide means through which the provisions of this subchapter are executed and enforced and in which the parties are assured a fair hearing and their constitutional and other legal rights recognized and enforced.

The code does provide that all hearings shall be conducted by the judge without a jury. Ark. Code Ann. § 9-27-325(a) (Supp. 1989). Appeals from juvenile court may be brought to this court or the Arkansas Supreme Court. Ark. Code Ann. § 9-27-343 (Supp. 1989).

The issue raised by appellant was settled by the United States Supreme Court in *McKeiver* v. *Pennsylvania*, 403 U.S. 528 (1974), where it was held that the Constitution does not

require a jury trial in the adjudicative phase of state delinquency proceedings. In *McKeiver*, the Court had before it consolidated appeals from both Pennsylvania and North Carolina. The appellants in those case, as does the appellant in the instant case, argued that since the state proceedings were "substantially similar to a criminal trial," they had a right to a jury trial. The Court noted previous decisions holding that constitutional rights to notice, counsel, confrontation, cross-examination and the privilege against self-incrimination were guaranteed juveniles. However, the Court recognized for a variety of reasons that the absence of a jury trial did not detract from the established due process standard of fundamental fairness in juvenile proceedings. To the contrary, the Court was of the view that to require a jury trial as a matter of constitutional precept might "remake the juvenile proceeding into a fully adversary process and will put an effective end to what has been the idealistic prospect of an intimate, informal protective proceeding." *Id.* at 545. The Court concluded by saying, "If the formalities of the criminal adjudicative process are to be superimposed upon the juvenile court system, there is little need for its separate existence." *Id.* at 551. The decision allowed the states license to experiment and to pursue the rehabilitative goals of a juvenile system.

The issue of the right to a jury trial in juvenile proceedings has also been decided by the appellate courts of Arkansas. Prior to the decision in *McKeiver*, the supreme court, in reference to the then existing juvenile act, held that there was no right to a jury trial under the Arkansas Constitution. *See Martin* v. *State*, 213 Ark. 507, 211 S.W.2d 116 (1948). In *Martin*, with a rationale similar to that in *McKeiver*, Chief Justice Griffin Smith wrote:

> From this beginning the more modern institutions have emerged, with a gradual recognition by the General Assembly that society gains more through reformation of juveniles than it does from punishing them. The entire purpose is one for moral recovery. A criminal charge is treated as evidence of delinquency when established. Felonious conduct and misdemeanors are not dealt with as such, but are considered only in determining what is best for the minor when all of the circumstances of birth, environment, opportunity, habit and demonstrated tendencies are measured.

*Id.* at 513, 211 S.W.2d at 119.

Thereafter, in *Elkins* v. *State*, 7 Ark. App. 166, 646 S.W.2d 15 (1983), we also determined that one who is charged as a delinquent has no right to a jury trial. Relying on *Martin* v. *State*, *supra*, and the applicable statutes, we observed:

> A reading of the above two sections makes it clear that when, as here, appellant is charged as a delinquent, he has no right to a jury trial. This is to his benefit in light of the stated purpose of the Juvenile Code at Ark. Stat. Ann. § 45-402 (Repl. 1977). This avoids the placement of a minor in our penitentiary system with adult criminals, and hopefully wards off any future criminal activity by minor delinquents.

*Id.* at 166-67, 646 S.W.2d at 17.

While recognizing the cases previously mentioned, appellant argues that a jury trial is now required by virtue of the enactment of the Juvenile Code of 1989. In making his argument, appellant relies on the following language in *Martin* v. *State*, *supra*:

> We quite agree with counsel for appellant that if the Juvenile Court Act were a substitute for prosecution, and that punishment as for a crime attended the exercise of jurisdiction, there would be an invasion of the defendant's right to trial by jury, guaranteed by Sec. 7 of Art. 2 of the Constitution of 1874.

*Id.* at 512, 211 S.W.2d at 118. It is the appellant's contention that a jury trial is required in that the new code represents such a "substitute for prosecution." We disagree.

The revisions found in the Juvenile Code of 1989 were designed to promote and further safeguard the interests of accused juvenile offenders. We do not perceive the code as a departure from the fundamental principles recognized in *McKeiver*, *supra*, *Martin*, *supra*, or *Elkins*, *supra*, but as rather a reaffirmation and rededication to those goals. As such, the code is not a "substitute," but rather a strengthening of the system. The drafters of the Code and the General Assembly specifically addressed this issue and declined to provide for a jury trial. The due process standard of fundamental fairness is maintained in the

code without affording a jury trial in this setting.

Affirmed.

CRACRAFT, C.J., and MAYFIELD, J., agree.