Albert Lewis HUGGINS *v.* STATE of Arkansas

CR 94-564                                         902 S.W.2d 212

Supreme Court of Arkansas
Opinion delivered July 3, 1995

*Addie M. Burks*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Brad Newman*, Asst. Att'y Gen., for appellee.

PER CURIAM. The appellant, Albert Lewis Huggins, has appealed from a conviction of capital murder and theft. He contends the evidence was insufficient to support the convictions. Mr. Huggins moved for directed verdicts on both the murder and theft charges at the conclusion of the prosecution's case. On behalf of the State, the Attorney General has responded that Mr. Huggins waived any issue of sufficiency of the evidence because he failed to renew his directed verdict motion at the conclusion of the case. *See* Ark. R. Crim. P. 36.21(b).

In his brief, the Attorney General states, "By presenting evidence after the State rested its case-in-chief, appellant waived any reliance on the motions he made at the close of the State's case [citations omitted]." That is simply not a correct statement. Our review of the record shows that, although Mr. Huggins took the witness stand out of the jury's presence to explain his decision whether to testify, he ultimately presented

no evidence during the guilt or innocence phase of the trial. If a defendant presents no evidence after a directed verdict motion is made, further reliance on that motion is not waived. *Robinson* v. *State*, 317 Ark. 17, 875 S.W.2d 837 (1994).

The Attorney General's error has left us with no brief on behalf of the State on the merits of this case involving a conviction of capital murder and theft in which the defendant received a sentence of life imprisonment without parole. In cases of doubt about the disposition of a criminal appeal on a procedural ground, the Attorney General has heretofore taken the precaution of arguing the merits of the case in addition to the procedural point. Had that been done in this case we would not be faced with this intolerable situation in which we must require the Attorney General to rebrief the case. That may well make it necessary for Mr. Huggins to submit a second reply brief to replace the one responding to the Attorney General's original brief. The delay and inconvenience which will result are regrettable.

To facilitate our consideration of the merits of the appeal, we direct the Attorney General to prepare a supplemental brief. The Clerk will set a schedule for filing the supplemental brief on behalf of the State and for filing any supplemental reply brief Mr. Huggins may choose to submit.