2009 Ark. App. 119

**Curtis F. DONALDSON, Appellant,**

v.

**STATE of Arkansas, Appellee.**

**No. CA CR 08–734.**

Court of Appeals of Arkansas.

Feb. 25, 2009.

Gibson & Keith, PLLC, by C.C. "Cliff" Gibson, III, Little Rock, AR, for appellant.

Dustin McDaniel, Att'y Gen., by Valerie Glover Fortner, Ass't Att'y Gen., Little Rock, AR, for appellee.

ROBERT J. GLADWIN, Judge.

Appellant Curtis Donaldson, age fifty-two, appeals his conviction by a Drew County jury on a charge of harassment, pursuant to Arkansas Code Annotated section 5–71–208 (Repl.2005), for which he was sentenced to six months' imprisonment in the Drew County Jail and fined $1,000. On appeal, he argues that the circuit court abused its discretion by admitting evidence of other allegations of sexual misconduct. He also argues that the circuit court erred when it defined "forcible compulsion" for the jury during the voir dire portion of the trial. We find merit in appellant's first argument and reverse and remand for a new trial. Additionally, we hold that appellant's second point on appeal is moot.

## Facts

On October 15, 2007, appellant was charged by felony information with two counts of felony-sexual assault in the second degree and one count of attempted felony sexual assault in the second degree, each related to an incident with a different young woman. Pursuant to Arkansas Rule of Criminal Procedure 22.2 (2008), appellant moved to sever the charges based upon the grounds that the charges were not sufficiently the same or similar in character and were not part of a single scheme or plan. After a hearing on November 26, 2007, the circuit court granted the motion to sever the charges in an order entered on December 3, 2007.

Appellant subsequently filed a motion in limine on April 7, 2008, to prohibit the State from bringing the other two severed charges to the attention of the jury, specifically through testimony of the alleged victims, during the trial on the first charge. At an omnibus hearing on April 11, 2008, appellant argued that his fundamental-due-process right to the presumption of innocence, the prohibitions of Arkansas Rule of Evidence 404(b) (2008), and the lack of relevance under Arkansas Rule of Evidence 402 (2008) required that the testimony be excluded.

The circuit court entered an order on April 17, 2008, denying the motion and allowing the evidence of the second and third charges to be introduced at the jury trial on the first charge. The circuit court specifically found the evidence in question to be admissible on the issue of intent—whether appellant sought sexual gratification when he touched the victim's breast—an element of the felony-sexual assault in the second-degree charge. Specifically, the circuit court found that the similarities among the three victims' ages, the fact that they each were employed at the same movie theater where appellant was employed as a security guard, and the pattern of abuse was relevant to the intent element of the offense.

Additionally, during the voir dire portion of the trial, the circuit judge stated to the jury, over objection by appellant's counsel, that an unconsented touching of another would satisfy the charge's requirement that it be committed with "forcible compulsion." The jury convicted appellant, not on the original charge of felony-sexual assault

in the second degree, but rather of a lesser crime of misdemeanor harassment.

A judgment and commitment order was entered on April 22, 2008, and appellant filed a timely notice of appeal on the same date. An amended judgment and commitment order was filed on May 5, 2008, to show that it was the result of a jury verdict rather than a plea, and appellant filed a timely amended notice of appeal on May 22, 2008.

## I. *Admission of Allegations of Sexual Misconduct*

Although appellant acknowledges that this case deals with the interpretation and application of Arkansas Rule of Evidence 404(b), he attempts to shift the focus to a review of constitutional considerations of due process and presumption of innocence. We disagree with that assertion and hold that it is, at its core, an evidentiary question regarding the admissibility of testimony related to other severed charges. Matters pertaining to the admissibility of evidence, and specifically, the admission or rejection of evidence under Arkansas Rule of Evidence 404(b) are left to the sound discretion of the trial court, and we will not reverse absent an abuse of that discretion. *Springs v. State,* 368 Ark. 256, 244 S.W.3d 683 (2006); *Flanery v. State,* 362 Ark. 311, 208 S.W.3d 187 (2005).

According to Arkansas Rule of Evidence 404(b), "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith." Such evidence is permissible for various other purposes, "such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Ark. R. Evid. 404(b).

Under Rule 404(b), evidence of other crimes will be admitted if it has independent relevance, and its relevance is not substantially outweighed by the danger of unfair prejudice. *Jones v. State,* 349 Ark. 331, 78 S.W.3d 104 (2002). As to whether the evidence is independently relevant, it must be relevant in the sense of tending to prove some material point rather than merely trying to prove the defendant is a criminal. *Id.* Any circumstance that ties a defendant to the crime or raises a possible motive for the crime is independently relevant and admissible as evidence. *Jackson v. State,* 359 Ark. 297, 197 S.W.3d 468 (2004).

Appellant challenges the circuit court's decision to admit certain testimony regarding two other allegations of sexual misconduct on the part of appellant. He argues that by allowing the other two alleged victims' testimony into evidence, the circuit court essentially allowed Arkansas Rule of Evidence 404(b) to be a "backdoor" to the severance of the three charges provided by Arkansas Rule of Criminal Procedure 22.2.

The first of the three severed charges is the issue in the instant case. It involved an incident with Nichole Hensley, a co-worker of appellant, who was nineteen-years old at the time of the incident. The alleged second-degree-sexual assault occurred at Ms. Hensley's residence, a private place, where no one else was present. Viewing the testimony in the light most favorable to the State, appellant went to Ms. Hensley's personal residence uninvited. It is undisputed that no one else was present, and that Ms. Hensley answered the door in a state of partial undress. She allowed appellant into the residence; and while he was there, skin-to-skin sexual contact occurred between them, specifically, appellant touched Ms. Hensley's breast with his hand. Ms. Hensley admitted that appellant neither used any physical force against her nor threatened her. It appears that he left the premises without

incident when Ms. Hensley asked him to leave, and appellant claimed "consent" as his defense. There is no issue regarding appellant's intent with respect to this particular charge, as he acknowledges that he intended to obtain sexual gratification from the contact with Ms. Hensley.

Count two of the original information was an attempted-sexual-assault charge regarding an alleged incident between appellant and then seventeen-year-old Kristen Taylor, which occurred on July 12, 2007, approximately two months after the alleged assault against Ms. Hensley. That alleged incident was said to have occurred at a public place, specifically the Monticello Malco movie theater where both appellant and Ms. Taylor were employed. Ms. Taylor had come to the movie theater with her aunt, uncle, and father. The two men went to see one movie while Ms. Taylor and her aunt saw another movie showing across the hall. Ms. Taylor and her aunt sat next to each other during the movie, and at some point during the movie, appellant came in and sat down next to Ms. Taylor. Her testimony was that appellant put his hand on her leg, below her shorts, and moved his hand upward on her thigh. She explained that he never reached under her shorts or moved his hand that far up because she got up and walked out of the theater.

Appellant maintains that he merely "goosed" Ms. Taylor's leg at a scary part in the movie. Appellant points out that this alleged incident occurred in a public place with many other people around, including one of Ms. Taylor's family members. Additionally, there is no claim of consent with respect to this charge; accordingly, appellant contends there was no reason to allow this testimony in to show "absence of mistake" under Rule 404(b).

The third count of the original information involved the alleged second-degree sexual assault of then seventeen-year-old Katie Taylor. Ms. Taylor is not related to Kristen Taylor, but she also worked at the movie theater with appellant. On July 25, 2007, Ms. Taylor was at the Monticello City Park with several of her friends. After Ms. Taylor and a friend approached appellant in his truck, Ms. Taylor got in the passenger seat to discuss her friend's traffic ticket with appellant. Upon exiting the vehicle, appellant asked Ms. Taylor for a hug, which was undisputedly a common practice among all the employees of the movie theater. Ms. Taylor testified that as she reached into the car through the window to hug appellant, he asked her for a kiss. She explained that she initially said "no," but he continued to hold her and asked again for a kiss. Ms. Taylor testified that she told him she would kiss him on the cheek, but as she put her cheek to his cheek, he reached his arm around her back and grabbed her breast through her clothing. Appellant contends that he merely grazed the side of her breast as she disengaged from the hug. As with count two, the alleged sexual assault at the movie theater, there was no claim of consent by appellant with regard to this incident. Accordingly, appellant claims that there is no basis for attempting to prove there was an "absence of mistake" with this testimony.

Appellant asserts that the only real similarities between the incidents is that the young women were close in age—between seventeen and nineteen—and all knew appellant from working together at the movie theater. He submits that the two other women's stories have no point of "independent relevance" in regard to the charge that was actually being tried in the instant case. *See Alford v. State,* 223 Ark. 330, 266 S.W.2d 804 (1954). He claims that the minor similarities are not enough to pass the constitutionally mandated prohibition

implemented by way of Rule 404(b) that safeguards the presumption of innocence in a criminal case.

Our supreme court noted in *Morris v. State,* 367 Ark. 406, 240 S.W.3d 593 (2006), that the degree of similarity between the circumstances of prior crimes and the present crime required for admission of evidence under Rule 404(b) is a determination that affords considerable leeway to the trial judge, and may vary with the purpose for which the evidence is admitted. However, appellant reiterates that there was *no issue* in the charge being tried in the instant case regarding his intent with respect to sexually touching Ms. Hensley in the privacy of her residence. Accordingly, there is no material point to be proved on that subject by utilizing the other two young women's stories, leaving only one other purpose for it—to show him as a "bad guy."

Rule 22.2(a) provides a defendant the *right* to a severance of same or similar crimes joined against him that are not part of a single scheme or plan. Our supreme court stated in *Clay v. State,* 318 Ark. 550, 886 S.W.2d 608 (1994), that the purpose of the rule is to give effect to the principle that the State cannot bolster its case against a defendant by proving he has committed other similar offenses. However, Rule 404(b), as currently interpreted, allows evidence of severed charges to come into the one at trial if there is a "similarity" in the commission of the offenses. *See Davis v. State,* 362 Ark. 34, 207 S.W.3d 474 (2005). Appellant notes the conflict between the two, and acknowledges that, while the supreme court could make a Rule 404(b) exception to Rule 22.2, it has yet to do so. He respectfully submits that until Rule 22.2 is changed, "its letter and more importantly its intent (to keep out other alleged bad acts) ought to be enforced."

The State strongly refutes appellant's arguments, and points us to the limiting instruction that the circuit court issued when it became apparent that the other two alleged victims were going to testify about their specific incidents with appellant. The circuit court warned the jury before each young woman testified that the testimony could not be used to prove appellant's character, but could only be used as evidence of motive, opportunity, intent, or absence of mistake or accident. The State claims that the limiting instruction was sufficient to cure, or at least sufficiently minimize, any prejudicial effect of the alleged victims' testimony. *See Kilpatrick v. State,* 322 Ark. 728, 912 S.W.2d 917 (1995). We disagree.

The State also maintains that upon looking at the totality of the testimony, the circuit court properly determined that the testimony from the other two alleged victims was significantly similar to the alleged victim in the first trial to be relevant to show intent to obtain sexual gratification. The State claims that the evidence supports the conclusion that none of the victims would have known appellant had they not worked with him at the movie theater. Further, all three of the young women testified as having viewed appellant as a grandfather; however, the evidence also indicates that they each called him by his first name, Curtis, which he claims indicates that they considered him to be on their level.

The State urges that the circuit court was free to determine that (1) he intended to establish a rapport of ease with each of them, and (2) he then used the relationships with the girls to touch them inappropriately. In this particular case, appellant's defense to the charge was that what happened between Ms. Hensley and him was consensual. The State argues that, as such, evidence that he previously had

treated two other young female co-workers similarly was independently relevant to establish that appellant sexually assaulted the victim in this case, thus the evidence was properly admitted. *See Fells v. State,* 362 Ark. 77, 207 S.W.3d 498 (2005).

We disagree. There was no issue of intent with respect to the offense charged in the instant case. This court cannot perceive of any independent relevance that the testimony of the alleged victims in the other two severed charges have in this particular case. This is precisely the type of evidence that Rule 404(b) was designed to exclude. For this reason, the decision of the circuit court is reversed, and the case is remanded for a new trial.

## II.   *Circuit Court's Comment on Forcible Compulsion*

■  Appellant argues that the circuit court erred when it defined "forcible compulsion" for the jury during the voir dire stage of the trial. Appellant acknowledges, however, that the point may be moot because the jury acquitted him of sexual assault in the second degree, which contained the element of forcible compulsion. Irrespective of that fact, he reminds us that this court has addressed matters on appeal that are likely to arise on retrial as a matter of judicial economy. *See Stone v. State,* 321 Ark. 46, 900 S.W.2d 515 (1995).

The original charge at issue in this trial was sexual assault in the second degree based upon an information that alleged that he "did by forcible compulsion engage in sexual contact," a violation of Arkansas Code Annotated section 5–14–125 (Repl. 2006). "Forcible compulsion" means physical force or a threat, express or implied, of death or physical injury to or kidnapping of any person. Ark.Code Ann. § 5–14–101(2) (Repl.2006). However, appellant was eventually convicted on the lesser charge of harassment, pursuant to Arkansas Code Annotated section 5–71–208 (Repl.2005), which contains no such element.

■  As a general rule, the appellate courts of this state will not review issues that are moot. *Dickinson v. State,* 372 Ark. 62, 270 S.W.3d 863 (2008). To do so would be to render advisory opinions and this we will not do. *Id.* A case becomes moot when any judgment rendered would have no practical legal effect upon a then-existing legal controversy. *Id.* In other words, a moot case presents no justiciable issue for determination by the court. *Id.* Furthermore, appellate courts do not sit for the purpose of determining speculative and abstract questions of law or laying down rules for future conduct. *Id.*

Our supreme court has recognized two exceptions to the mootness doctrine, one of which involves issues that are capable of repetition, yet evade review. See, e.g., *Dickinson, supra.* The other mootness exception concerns issues that raise considerations of substantial public interest which, if addressed, would prevent future litigation. *Id.* We hold that the instant appeal does not fall within either of the exceptions to the mootness doctrine. Accordingly, we decline to address this issue.

Reversed and remanded.

VAUGHT, C.J., and KINARD, J., agree.