# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CR–13–491

| | |
|---|---|
| NICHOLAS BURRIS | **Opinion Delivered** January 15, 2014 |
| APPELLANT | APPEAL FROM THE UNION COUNTY CIRCUIT COURT [NO. CR–12–395] |
| V. | |
| STATE OF ARKANSAS | HONORABLE HAMILTON H. SINGLETON, JUDGE |
| APPELLEE | REMANDED TO SETTLE AND SUPPLEMENT THE RECORD |

## PHILLIP T. WHITEAKER, Judge

Appellant Nicholas Burris was convicted by a Union County jury of one count of rape and one count of residential burglary. He was sentenced to a total of thirty-five years' imprisonment for the two convictions. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4–3(k) of the Rules of the Arkansas Supreme Court and Court of Appeals, Burris's attorney has filed a motion to withdraw as counsel on the ground that an appeal would be wholly without merit. The motion is accompanied by an abstract, brief, and addendum purporting to list all adverse rulings and to explain why each adverse ruling is not a meritorious ground for reversal. Burris was provided a copy of counsel's brief and notified of his right to file a list of points within thirty days; he has not done so. We remand the case

to the trial court to settle the record because we have not been provided with a complete transcript.

In the notice of appeal, Burris's counsel designated for inclusion "the entire record and all proceedings, exhibits, evidence, and testimony." Despite this designation, the record before us does not include a transcript of the voir dire. This court has held that it is unable to determine whether there has been compliance with *Anders* unless we are provided with a complete record on appeal. *Mace v. State*, 2011 Ark. App. 472; *Hadley v. State*, 2010 Ark. App. 536; *Campbell v. State*, 74 Ark. App. 277, 47 S.W.3d 915 (2001). If anything material to either party is omitted from the record by error or accident, we may direct that the omission or misstatement be corrected, and if necessary, that a supplemental record be certified and transmitted. Ark. R. App. P.–Civ. 6(e) (made applicable to criminal cases by Ark. R. App. P.–Crim. 4(a)); *Hadley, supra.*

We will not address this appeal until the record is settled and supplemented and the case is rebriefed. We therefore remand this case for the record to be settled and supplemented within thirty days. Upon supplementation, the clerk will establish a new briefing schedule.

Remanded to settle and supplement the record.

GLADWIN, C.J., and PITTMAN, J., agree.

*N. Mark Klappenbach*, for appellant.

No response.