
# ARKANSAS COURT OF APPEALS



DIVISION III
**No.** CV-13-928

|  |  |  |
|---|---|---|
| X.O.P. | | **Opinion Delivered** August 27, 2014 |
| | APPELLANT | APPEAL FROM THE CRAWFORD COUNTY CIRCUIT COURT |
| V. | | [NO. 17 JV-13-77] |
| STATE OF ARKANSAS | APPELLEE | HONORABLE MICHAEL MEDLOCK, JUDGE |
| | | AFFIRMED AS MODIFIED |

## BILL H. WALMSLEY, Judge

The State charged XOP with rape in the juvenile division of the Crawford County Circuit Court. Although the State did not move to amend its petition for adjudication, the trial court adjudicated XOP delinquent for committing second-degree sexual assault.[1] XOP argues that his due-process rights were violated because he was not given notice that he was being accused of second-degree sexual assault.[2] We affirm as modified.

---

[1]The trial court's order incorrectly asserts that the State moved to amend its petition to include second-degree sexual assault and that XOP was advised of the amended charge prior to the hearing.

[2]XOP's second point is that there was insufficient evidence to support a charge of rape. As a general rule, the appellate courts of this state will not review issues that are moot. *Donaldson v. State*, 2009 Ark. App. 119, 302 S.W.3d 622. A case becomes moot when any judgment rendered would have no practical legal effect upon a then existing controversy. *Id.* Given that XOP was not adjudicated delinquent for committing rape, this issue is moot and therefore will not be addressed.

At the adjudication hearing, testimony by the witnesses was inconsistent regarding the circumstances on the night of the incident. The evidence showed that the victim, JA, had overnight visitors at her apartment, one of whom was her former boyfriend, XOP. There was no dispute that JA permitted XOP to sleep in her bed. According to JA, she placed a pillow between their bodies and warned XOP to "stay away" from her. JA stated that, while XOP pleaded with her to resume their romantic relationship, she rejected his advances. JA testified that, sometime during the night, XOP penetrated her anally. XOP testified that it was consensual sex.

At the conclusion of the hearing, the trial court ruled that the State had proved sexual assault in the second degree, rather than rape. The trial court stated:

> If this was in front of a jury then the question would be whether or not a lesser included offense or another offense was proven and considered by the jury. I don't think that because it's a bench trial there's any restriction on me considering what crime may have been proved whatever the State charged. In a jury determination that would be different, but I think because it's in front of the court then it's up to me to figure that out.

Defense counsel objected to the trial court's ruling:

> We object to the court making an adjudication on any charge other than what was charged. There was no mention by the State to find my client true (sic) and conform the pleadings to the proof. There was no request by the prosecutor to include any lesser included offense. We are not on notice of any lesser included offenses . . ..

While proceedings in a juvenile court need not conform with all the requirements of a criminal trial, primarily because of the special nature of the proceedings, essential requirements of due process and fair treatment must be met. *Golden v. State*, 341 Ark. 656, 21 S.W.3d 801 (2000). "Notice, to comply with due process requirements, must be given

SLIP OPINION

sufficiently in advance of scheduled court proceedings so that reasonable opportunity to prepare will be afforded, and it must 'set forth the alleged misconduct with particularity.'" *In re Gault*, 387 U.S. 1, 33 (1967).

XOP was charged with rape under Ark. Code Ann. § 5-14-103(a)(1) (Supp. 2011), which provides that a person commits rape if he engages in sexual intercourse or deviate sexual activity with another person by forcible compulsion. "Sexual intercourse" means penetration, however slight, of the labia majora by a penis. Ark. Code Ann. § 5-14-101(11) (Supp. 2011). In relevant part, "deviate sexual activity" means any act of sexual gratification involving the penetration, however slight, of the anus or mouth of a person by the penis of another person. Ark. Code Ann. § 5-14-101(1)(A).

XOP was adjudicated delinquent by reason of committing second-degree sexual assault under Ark. Code Ann. § 5-14-125(a)(1) (Supp. 2011), which provides that a person commits sexual assault in the second degree if the person engages in sexual contact with another person by forcible compulsion. "Sexual contact" is defined as any act of sexual gratification involving the touching, directly or through clothing, of the sex organs, buttocks, or anus of a person or the breast of a female. Ark. Code Ann. § 5-14-101(10).

On appeal, XOP maintains that the trial court violated his right to due process in adjudicating him delinquent on an uncharged offense of which he had no notice. XOP does not argue that second-degree sexual assault is not a lesser-included offense of rape.

The determination of whether an offense is a lesser-included offense of another is governed by Ark. Code Ann. § 5-1-110(b) (Supp. 2011), which provides in relevant part, that

3

an offense is included in an offense charged if the offense is established by proof of the same or less than all of the elements required to establish the commission of the offense charged. Ark. Code Ann. § 5-1-110(b)(1). Forcible compulsion is an element of both rape and second-degree sexual assault. The State alleged that XOP committed an offense against JA by sexual intercourse or deviate sexual activity, and we hold that those acts necessarily involve "sexual contact."[3] *See Speer v. State*, 18 Ark. App. 1, 8, 708 S.W.2d 94, 98 (1986) (holding that first-degree sexual abuse is a lesser-included offense of attempted rape in that both offenses contain the element of forcible compulsion, and the sexual acts of each overlap and contain the same elements in that "[b]oth sexual intercourse and deviate sexual activity necessarily involve the touching of sexual organs and/or the anus of another"). Thus, second-degree sexual assault under Ark. Code Ann. § 5-14-125(a)(1) is a lesser-included offense of rape under Ark. Code Ann. § 5-14-103(a)(1).

In *Cokeley v. State*, 288 Ark. 349, 705 S.W.2d 425 (1986), the defendant was charged with rape by sexual intercourse, but not deviate sexual activity. The supreme court noted that

---

[3]In *Martinez v. State*, 2014 Ark. App. 182, 432 S.W.3d 689, Martinez was charged with rape but ultimately convicted of second-degree sexual assault. This court reversed and dismissed the conviction, holding that the trial court erred in permitting the State to amend its information to include a charge of second-degree sexual assault because the amendment changed the nature of the offense charged and resulted in unfair surprise given that Martinez came prepared to defend against an offense involving the essential element of penetration, as opposed to mere touching. *Martinez* is distinguishable on several bases. *Martinez* involved criminal proceedings, as opposed to juvenile-delinquency proceedings, which are not criminal in nature. *See M.M. v. State*, 350 Ark. 328, 88 S.W.3d 406 (2002). Here, the State did not seek to amend its petition for adjudication to include second-degree sexual assault. Moreover, the *Martinez* court did not expressly decide the issue of whether second-degree sexual assault is a lesser-included offense of rape, and, in any event, *Martinez* involved a different section of the rape statute dealing with the victim's age.

the issue was not the manner of rape but whether rape by forcible compulsion had occurred. Where the defendant was aware that the victim had alleged that both sexual intercourse and oral sex occurred, and the prosecutor repeated those allegations in his opening statement, the defendant could not claim surprise by evidence of deviate sexual activity. Here, the facts are even more compelling given that XOP confirmed through his testimony that he engaged in deviate sexual activity, which conclusively established "sexual contact" because XOP could not have penetrated JA's anus without touching her. The only issue in dispute was whether the act was consensual or the result of forcible compulsion.

XOP was without question entitled to notice of the charges against him. XOP came prepared to defend against rape, and the only disputed issue involved forcible compulsion, an element common to both rape and second-degree sexual assault under the specific subsections involved here. By virtue of the fact that XOP was on notice of the greater offense, he cannot claim surprise by the trial court's true finding as to the lesser-included offense.

Here, the trial court did no more than appellate courts have done when the circumstances warrant it. "When the proof offered supports a conviction on a lesser included offense but not the offense the accused was convicted of, we may reduce the punishment . . . ." *Smith v. State*, 352 Ark. 92, 104, 98 S.W.3d 433, 440 (2003); *see also Dixon v. State*, 260 Ark. 857, 545 S.W.2d 606 (1977) (where proof did not support jury's finding of possession of a controlled substance with intent to deliver but did support lesser-included offense of mere possession, the supreme court reduced punishment). Also, revocations are upheld based on lesser-included offenses. *Davis v. State*, 308 Ark. 481, 825 S.W.2d 584 (1992); *Willis v. State*,

76 Ark. App. 81, 62 S.W.3d 3 (2001) (evidence may be insufficient in probation-revocation proceedings to sustain allegation that appellant committed specific offense, but revocation will be sustained if evidence establishes lesser-included offense).

Finally, we note that the trial court's order indicates that XOP was adjudicated delinquent on an alternative basis—pursuant to Ark. Code Ann. § 5-14-125(a)(5)(ii). That section provides that a person commits sexual assault in the second degree if, being a minor, he engages in sexual contact with another person (i) who is less than fourteen years of age and (ii) is not the person's spouse. There was no dispute at the hearing that the victim was over the age of fourteen at the time of the incident. In this regard, the trial court erred, but because XOP was also adjudicated delinquent for committing the offense under Ark. Code Ann. § 5-14-125(a)(1), we affirm as modified.

Affirmed as modified.

GLOVER, J., agrees.

VAUGHT, J., concurs.

**LARRY D. VAUGHT, Judge, concurring.** I agree that this juvenile case can be affirmed, but I write separately to more fully distinguish the case of *Martinez v. State*, 2014 Ark. App. 182, 432 S.W.3d 689.

Appellant was charged with rape under Arkansas Code Annotated section 5-14-103 (a)(1) (Supp. 2011), which has two basic elements: (1) sexual intercourse or deviate sexual activity; (2) by forcible compulsion. Both sexual intercourse and deviate sexual activity require penetration. The sexual-assault statute that the majority has held to be applicable here requires

(1) sexual contact; (2) by forcible compulsion. Both parties testified that anal penetration occurred. The only element that was at issue was forcible compulsion, an element present in both charges that appellant was on notice of from the beginning.

The trial court found the victim more credible on the issue of forcible compulsion, and we do not reverse on credibility findings. *Valdez v. State*, 33 Ark. App. 94, 97, 801 S.W.2d 659, 661 (1991). Because the element of penetration was agreed to be present, the trial court had sufficient evidence to find (at a minimum)[1] that sexual contact occurred, which it did. The trial court then reduced the charge on its own motion.

This case is readily distinguishable from *Martinez,* which was recently decided by this court. Martinez was charged with rape under Arkansas Code Annotated section 5-14-103 (a)(3)(A) (Supp. 2011), which provides that a person commits rape if he engages in "sexual intercourse" or "deviate sexual activity" with another person who is less than fourteen years of age. By definition both "sexual intercourse" or "deviate sexual activity" require penetration. Ark. Code Ann. § 5-14-101 (Supp. 2011).

Martinez was being tried to a jury, and the trial court allowed the State to amend the charge to sexual assault in the second degree *after* it had put on all of its proof but had failed to prove the requisite element of penetration. The sexual-assault statute to which the court reduced the charge required only sexual contact (minus penetration) and the victim's being under the age of fourteen.

---

[1]In my opinion, the record also contains sufficient evidence to prove the necessary elements of the greater offense: intercourse or deviate sexual activity and forcible compulsion.

The common element of the two charges was the age of the victim, which was not in dispute. The only issue in dispute was whether penetration had occurred. We held that the court erred in reducing the charge to be submitted to the jury after the State had rested and not proved the essential element of penetration that differentiated the two charges. Martinez was only on notice to defend against a charge that included the element of penetration. Therefore, due process required reversal.

In the instant case, the common element of forcible compulsion was at issue under either charge, and appellant was on notice to defend on that element—and did in fact do so. Therefore, there was no due-process violation.

*Lisa-Marie Norris*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Nicana C. Sherman*, Ass't Att'y Gen., for appellee.