

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR–13–491

| | | |
|---|---|---|
| NICHOLAS BURRIS | | **Opinion Delivered** February 25, 2015 |
| | APPELLANT | |
| | | APPEAL FROM THE UNION COUNTY CIRCUIT COURT [NO. CR–12–395] |
| V. | | |
| | | HONORABLE HAMILTON H. SINGLETON, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED; MOTION TO WITHDRAW GRANTED |

## PHILLIP T. WHITEAKER, Judge

Appellant Nicholas Burris was convicted by a Union County jury of one count of rape and one count of residential burglary. He was sentenced to a total of thirty-five years' imprisonment for the two convictions. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4–3(k) of the Rules of the Arkansas Supreme Court and Court of Appeals, Burris's attorney has filed a motion to withdraw as counsel on the ground that the appeal is wholly without merit. The motion is accompanied by an abstract, brief, and addendum purporting to list all adverse rulings and to explain why each adverse ruling is not a meritorious ground for reversal. Burris was provided a copy of counsel's brief and notified of his right to file a list of points within thirty days; he opted to file pro se points, and the State filed a responsive

SLIP OPINION

brief.[1] From our review of the record and the briefs presented, we find compliance with Rule 4-3(k). The appeal is without merit, counsel's motion to withdraw is granted, and the trial court is affirmed.

## I. *Sufficiency of the Evidence*

As noted above, Burris was convicted of one count of rape. A person commits the offense of rape if he engages in sexual intercourse or deviate sexual activity with another person by forcible compulsion. Ark. Code Ann. § 5-14-103(a)(1) (Repl. 2006). "Forcible compulsion" is "physical force or a threat, express or implied, of death or physical injury to or kidnapping of any person." Ark. Code Ann. § 5-14-101(2) (Supp. 2009). "Physical force" is "any bodily impact, restraint or confinement, or the threat thereof." *Freeman v. State*, 331 Ark. 130, 132, 959 S.W.2d 400, 401 (1998). Force is present if "the act is against the will of the party upon whom the act was committed." *Williams v. State*, 2011 Ark. App. 675, 386 S.W.3d 609. Counsel provides a full discussion of the evidence in his brief and correctly concludes that any challenge to the sufficiency of the evidence would be without merit.[2]

---

[1]We have twice ordered rebriefing in this case. The first time, the record did not contain a transcript of the voir dire. *Burris v. State*, 2014 Ark. App. 37. The second time was because the addendum failed to include a CD that was played in open court, and the statement on that CD was not abstracted. *Burris v. State*, 2014 Ark. App. 522. Counsel has cured these deficiencies, and his brief is now in compliance with the requirements of Rule 4-3(k).

[2]Burris moved for directed verdict at the close of the State's case and then rested without presenting any evidence. Although he did not renew his motion for directed verdict at that time, the supreme court has held that, if a defendant presents no evidence after a directed verdict motion is made, further reliance on that motion is not waived. *Huggins v. State*, 321 Ark. 289, 902 S.W.2d 212 (1995); *Robinson v. State*, 317 Ark. 17, 875 S.W.2d 837 (1994).

Here, the evidence of rape was overwhelming. The victim testified that Burris inserted his penis into her vagina against her will. *See Richey v. State*, 2013 Ark. App. 382 (A rape victim's testimony, standing alone, is sufficient to support a conviction if it establishes the elements of the offense.). The victim identified Burris in open court and described how he injured her face during the assault. The DNA evidence identified the perpetrator as Burris (the crime lab DNA analyst testified that the odds of the DNA belonging to anyone else were one in sixtillion). As such, counsel correctly asserts that there would be no merit to any argument pertaining to the sufficiency of the evidence on the rape count.

Additionally, Burris was convicted of residential burglary. A person commits that offense if he enters or remains unlawfully in a residential occupiable structure of another person with the purpose of committing in the residential occupiable structure any offense punishable by imprisonment. Ark. Code Ann. § 5-39-201(a)(1) (Repl. 2006). The statute requires entry with the "purpose" to commit an offense punishable by imprisonment. Purpose can be established by circumstantial evidence, and often this is the only type of evidence available to show intent. *Whitfield v. State*, 2014 Ark. App. 380, 438 S.W.3d 289 (citing *Washington v. State*, 268 Ark. 1117, 599 S.W.2d 408 (Ark. App. 1980)). The circumstances established by the evidence must be such that the requisite purpose of the accused can reasonably be inferred, and the evidence must be consistent with the guilt of the accused and inconsistent with any other reasonable conclusion. *Id*. There was substantial evidence supporting Burris's conviction for residential burglary.

Here, the evidence showed that Burris showed up at the victim's house and said that he had $50 worth of crack. The victim testified that she said to him, "I told you about coming into my house and I don't want to fool with you." Burris came back later, kicked in the door, and said "I come here to take it." Burris then grabbed the victim by the arm, began "tussling" with her, and raped her. From this evidence, the jury could have inferred that Burris intended either to rob or rape the victim, either of which is a crime punishable by imprisonment. Counsel therefore again correctly concludes that there would be no meritorious argument on this issue.

## II. *Other Adverse Rulings*

### A. Rejection of Proffered Jury Instruction

As mentioned, Burris was charged with rape. At the conclusion of the State's case, Burris proffered a jury instruction on second-degree sexual assault[3] and the lesser-included introductory and transitional instructions for rape. The State responded that, because Burris's defense was absolute innocence, it would be inappropriate for the jury to be able to consider a lesser-included offense. The State also objected that the legislature has not created a lesser-

---

[3]Both charges—rape and second-degree sexual assault—require that the actor use forcible compulsion against the victim. The distinction between the offenses is the action taken. Rape requires the acts of sexual intercourse or deviate sexual activity. Ark. Code Ann. § 5-14-103(a)(1). Sexual assault in the second degree requires the act of sexual contact. Ark. Code Ann. § 5-14-125(a)(1).

included offense of rape. The circuit court agreed on both points and rejected Burris's proffered instruction.[4]

An instruction on a lesser-included offense is appropriate when it is supported by even the slightest evidence. *Green v. State*, 2012 Ark. 19, 386 S.W.3d 413; *Cole v. State*, 2013 Ark. App. 492. Once an offense is determined to be a lesser-included offense, the circuit court is obligated to instruct the jury on that offense only if there is a rational basis for a verdict acquitting the defendant of the offense charged and convicting him of the lesser-included offense. *Green*, *supra*. A circuit court's ruling on whether to submit a jury instruction will not be reversed absent an abuse of discretion. *Id*. Here, there was no rational basis for acquitting Burris of the offense charged and convicting him of the lesser-included offense; we therefore agree with counsel that there would be no meritorious argument that the circuit court abused its discretion in refusing to give the lesser-included instruction.

---

[4]In light of a recent opinion from this court, the circuit court was incorrect in finding that second-degree sexual assault is not a lesser-included offense of rape. In *X.O.P. v. State*, 2014 Ark. App. 424, 439 S.W.3d 711, this court held that second-degree sexual assault by forcible compulsion, *see* Ark. Code Ann. § 5-14-125(a)(1), is a lesser-included offense of rape by forcible compulsion. *See* Ark. Code Ann. § 5-14-103(a)(1). The court reasoned that forcible compulsion is an element of both rape and second-degree sexual assault, and that both sexual intercourse or deviate sexual activity (elements of the rape statute) necessarily involved "sexual contact," which is an element of the sexual-assault offense. *X.O.P.*, 2014 Ark. App. 424, at 3–4, 439 S.W.3d at 713.

The court's mistake on this point, however, does not constitute reversible error because, as discussed herein, there was still no rational basis for instructing the jury on the lesser-included offense.

SLIP OPINION

B. Evidentiary Objections

Burris's counsel points to three other objections and adverse rulings that occurred during the trial. The first came during Burris's cross-examination of the victim concerning the nature of the assault and the duration of time over which it occurred. The State objected that the line of questioning was argumentative and had already been asked and answered. The court agreed. Counsel correctly notes that any error in this ruling would be harmless, as the length of time of the assault would not be relevant to whether a rape occurred.

The next adverse ruling occurred during Burris's cross-examination of Agent Seletia Smith. The witness was questioned concerning the victim's activities and whereabouts prior to the officer's arrival. The State objected that the question called for an answer beyond the witness's personal knowledge. The court agreed. Again, we find no error in this ruling because, as with the first objection, where the victim may or may not have been prior to the rape was irrelevant as to whether a rape occurred.

Finally, Burris objected when the State moved to introduce a CD containing Detective Shorter's interview with Burris and a typed transcript of that interview. Burris asserted that he generally had no problem with the transcript being distributed to the jury for the purpose of following along with the playing of the CD; however, Burris complained that, if the State intended for the transcript to be introduced into evidence and taken back into the jury room, the transcript had not been certified. The State responded that there was nothing to indicate that anything in the transcript was erroneous; in addition, the State agreed that it would start playing the recording past the point where it made a reference to

SLIP OPINION

potentially prejudicial material. The court allowed the State to introduce both the CD and the transcript into evidence.

On appeal, counsel contends that the court's ruling allowing the transcript into evidence was not reversible error because it was not necessarily prejudicial. He notes that, while the recording contained incriminating information, the transcript contained no such material. Thus, he concludes that introducing the transcript and allowing the jury to take it into deliberations did not constitute reversible error. We agree.

### III. *Pro Se Points*

Finally, Burris has filed pro se points in which he challenges the sufficiency of the evidence, noting inconsistencies in the victim's testimony and claiming that she only invented a story of rape because he did not pay her for the sex he admits that he had with her.[5] As discussed above, however, the evidence supporting Burris's rape conviction was overwhelming. Moreover, Burris's directed-verdict motion did not challenge the victim's credibility. Arguments not raised at trial will not be addressed for the first time on appeal, and parties cannot change the grounds for an objection on appeal, but are bound by the scope and nature of the objections and arguments presented at trial. *Rounsaville v. State*, 372 Ark. 252, 273 S.W.3d 486 (2008); *Savage v. State*, 2013 Ark. App. 133. At trial, Burris argued that the State failed to prove that he engaged in sexual intercourse by forcible compulsion. He

---

[5]This pro se argument on appeal is inconsistent with Burris's defense of absolute denial of sexual involvement at the trial.

did not make any arguments concerning the victim's credibility. Thus, he has waived these arguments on appeal. *See Savage*, *supra*.

Burris also briefly challenges his trial attorney's performance, saying that he believes he "should get a retrial because [of] lack of help from my lawyer." This amounts to a claim of ineffective assistance of counsel. A claim of ineffective assistance of counsel is appropriate on direct appeal only when it is raised before the circuit court and the facts and circumstances surrounding the claim have been fully developed at the trial level. *Breeden v. State*, 2013 Ark. 145, 427 S.W.3d 5; *Guevara v. State*, 2012 Ark. 351. Here, no such claim was raised below and, therefore, it cannot be addressed on direct appeal.

Affirmed; motion to withdraw granted.

HARRISON and VAUGHT, JJ., agree.

*N. Mark Klappenbach*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Rachel H. Kemp*, Ass't Att'y Gen., for appellee.