SLIP OPINION

Cite as 2017 Ark. App. 158

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CR–16–826

| | |
|---|---|
| | **Opinion Delivered**   March 8, 2017 |
| ARONDE KEYWON THOMPSON<br>APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FIFTH DIVISION<br>[NO. 60CR–14–910] |
| V. | |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE WENDELL GRIFFEN, JUDGE |
| | REVERSED AND REMANDED FOR SENTENCING CONSISTENT WITH THIS OPINION |

**WAYMOND M. BROWN, Judge**

Appellant Aronde Thompson appeals from the Pulaski County Circuit Court's revocation of his probation for two convictions for which he was sentenced to twelve months in the county jail and thirty days in the county jail, respectively. The thirty-day sentence was to run concurrently to the twelve-month sentence. On appeal, he argues that the trial court erred by sentencing him to twelve months' imprisonment and not giving him credit for jail time previously ordered. He also argues that the trial court erred by sentencing him to thirty days in jail after it had lost jurisdiction to do so. We reverse and remand.

Appellant pled no contest to third-degree domestic battering, a Class A misdemeanor, and fleeing, a Class C misdemeanor, on or around July 17, 2015. He was placed on twelve

months' probation for the battery charge, and he was also ordered to serve twenty days in jail on both charges, to run concurrently to each other.[1] As a condition of his probation, appellant was ordered to complete a domestic violence program and provide proof of completion. He was also prohibited from violating any law punishable by imprisonment. The State filed a petition for revocation on January 11, 2016, alleging that appellant had violated the terms and conditions of his probation by committing a new offense, third-degree domestic battering. The State amended the petition on April 1, 2016, to include the allegation that appellant had failed to attend and complete domestic-violence classes.

A plea hearing took place on April 4, 2016, and a plea statement for the revocation petition was filed that same day. The sentencing hearing took place on May 5, 2016. At the conclusion of the hearing, the trial court accepted the presentence recommendation and sentenced appellant accordingly. This appeal followed.

Appellant's first point on appeal is that the trial court erred when it failed to give him twenty days' jail credit. According to appellant, this failure resulted in the court sentencing him "in excess of the 365 days for which an 'A' misdemeanor is limited," resulting in his sentence being illegal. We agree that appellant's sentence was illegal. An illegal sentence is one that the trial court lacked the authority to impose.[2] Appellant originally pled no contest to a Class A misdemeanor, which carries a possible sentence of no more than twelve months'

---

[1] The court gave him twenty-eight days' jail credit and found that his jail sentence had been executed in full.

[2] *Richie v. State*, 2009 Ark. 602, 357 S.W.3d 909.

imprisonment.[3]  However, appellant was sentenced to both twenty days in jail and twelve months' probation in contravention of our statute, which states that "the court shall not sentence a defendant to imprisonment and place him or her on probation, except as authorized by Arkansas Code Annotated section 5-4-304."[4]  Section 5-4-304(a) allows a court to order a defendant to serve a period of confinement as an additional condition of probation. However, the original sentencing order in this case does not show that the twenty days' confinement was a condition of appellant's probation.  Because appellant's original sentence was illegal on its face, we reverse and remand for the court to enter a corrected sentencing order consistent with our statute.[5]

For his second point on appeal, appellant contends that the trial court was without jurisdiction to sentence him to thirty days in the county jail for the Class C misdemeanor. According to appellant, this resulted in an illegal sentence because the court had lost jurisdiction to sentence him to additional jail time for the fleeing charge.  The State contends that this issue is moot.  As a general rule, the appellate courts of this state will not review issues that are moot.[6]  A case becomes moot when any judgment rendered would have no practical

---

[3]Ark. Code Ann. § 5-4-401 (Repl. 2013).

[4]Ark. Code Ann. § 5-4-104(e)(2)(B) (Repl. 2013).

[5]Even if the original sentence was not illegal on its face, we would still reverse and remand it for correction because the trial court failed to give appellant credit for the days he was ordered to serve in the original order.  Any sentence of imprisonment, when it is combined with any previous imprisonment imposed for the same offense, shall not exceed the limits of time authorized by the statute.  *See* Ark. Code Ann. § 16-93-308(g)(1)(B) (Repl. 2016).

[6]*Donaldson v. State*, 2009 Ark. App. 119, 302 S.W.3d 622.

legal effect upon a then–existing controversy.[7] However, our supreme court recently held that the mootness doctrine does not bar a direct appeal from a misdemeanor conviction even when the appellant had already served his sentence.[8] Thus, we disagree with the State that this issue is moot. The maximum sentence for a Class C misdemeanor is thirty days.[9] Based on the original sentencing order, appellant was sentenced to twenty days in jail, but he was not placed on any additional probation for that charge. Therefore, when the court revoked appellant's probation, there was no probation to revoke. Accordingly, the court was without jurisdiction to sentence appellant to thirty days in jail. Thus, we reverse the trial court on this point.

Reversed and remanded for sentencing consistent with this opinion.

HARRISON and HIXSON, JJ., agree.

*William R. Simpson,* Jr., Public Defender, and *Mac Carder*, Deputy Public Defender, by: *Margaret Egan*, Deputy Public Defender, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rachel Kemp*, Ass't Att'y Gen., for appellee.

---

[7]*Id.*

[8]*See Thompson v. State*, 2016 Ark. 383, 503 S.W.3d 62.

[9]Ark. Code Ann. § 5-4-401.